

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:                    Attention: Mr. Jay Sam Levey

Opinion No. O-4170
Re: Whether Bexar County must pay
expenses of holding an election
to determine whether there shall
be created a Junior College District of
Bexar County, and related ques-
tions.

We have your letter of October 24th requesting our
opinion on the following questions:

"The Commissioners' Court of Bexar County,
in accordance with the provisions of Sections 18,
19 and 20 of Article 2815h of the R.C.S. of Texas,
as amended, has ordered an election to be held
throughout Bexar County on November 15, 1941, to
determine whether or not there should be created
a Junior College District of Bexar County.

"We have been requested to secure an opin-
ion from you, as soon as possible, answering
these questions:

"1. What political subdivision of the state
is liable for the costs of such election?

"2. May Bexar County accept free supplies
and services for holding such election?

"3. Is it obligatory to use the regularly
appointed election officials in this election?"

Section 19 of Article 2815h, Vernon's Annotated
Civil Statutes, provides in part:

"If the State Board of Education approves
of the establishment of the Junior College Dis-
trict, it shall then be the duty of the Commis-
sioners' Court or Courts, as the case may be, to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John R. Shook, Page 2

enter an order for an election to be held in
the proposed territory within a time not less
than twenty days and not more than thirty days
after such order is issued, to determine whether
or not such Junior College District shall be
created and formed.. . ."

In Opinion No. O-610 we held that the expense of
an election for the incorporation of a city as provided by
Article 1134, R. C. S., directing the county judge to call
such election, are to be paid by the county under the pro-
visions of Articles 2943 and 2996, R. C. S. The same rea-
soning would apply to the election here involved, particular-
ly since Section 19 of Article 2815h expressly directs the
Commissioners' Court of the county to call the election.

Articles 2943 and 2996, R. C. S., providing for
the payment of the expenses of elections provide:

"Article 2943. Pay of judges and clerks

"Judges and Clerks of general and special
elections shall be paid Three Dollars ($3) a
day each, and Thirty (30) Cents per hour each
for any time in excess of a day's work as here-
in defined; provided that in all counties hav-
ing a population in excess of three hundred and
fifty-five thousand (355,000) inhabitants, ac-
cording to the last preceding or any future
Federal Census, such Judges and Clerks shall
be paid Five Dollars ($5) a day each, and Fifty
(50) Cents per hour each for any time in excess
of a day's work as herein defined. The Judge
who delivers the returns of election immediate-
ly after the votes have been counted shall be
paid Two Dollars ($2) for that service, provided
the polling place of his precinct is at least
two (2) miles from the courthouse, and provided
also he shall make returns of all election sup-
plies not used when he makes return of the elec-
tion. Ten (10) working hours shall be consid-
ered a day within the meaning of this Article.
The compensation of Judges and Clerks of general
and special elections shall be paid by the Coun-
ty Treasurer of the county where such services
are rendered upon order of the Commissioners
court of such county."

Honorable John R. Shook, Page 3

"Article 2996. Expenses for election sup-
plies

"All expenses incurred in providing voting
booths, stationery, official ballots, wooden
or rubber stamps, tally sheets, polling lists,
instruction cards, ballot boxes, envelopes,
sealing wax and all other supplies required
for conducting a general or special election
shall be paid for by the county, except the
cost of supplying booths for cities. All ac-
counts for supplies furnished or services ren-
dered shall first be approved by the commis-
sioners court, except the accounts for voting
booths for cities."

In answer to your first question, it is our opin-
ion that Bexar County is liable for the costs of holding
the election to determine whether a Junior College District
of Bexar County shall be created. Once such district has
been created, however, all subsequent elections pertaining
thereto are to be paid by said district as declared in our
Opinion No. 0-365.

We agree with your conclusion as to your second
question that "with reference to the acceptance of free
supplies and services by the county, we have been unable
to find any definite authority, statutory or otherwise."
If the county will incur no obligation, express or implied,
in the acceptance of free services and supplies, and the
Commissioners' Court is satisfied as to the bona fide motives
of such gratuities, we are aware of no reason why the county
may not accept them.

The answer to your third question is controlled
by Articles 2937 and 2938 which read as follows:

"Article 2937. In small precincts

"The commissioners court at the February
term shall appoint from among the citizens of
each voting precinct in which there are less
than one hundred voters who have paid their poll
tax and received their certificates of exemp-
tion, two reputable qualified voters as judges
of the election, selected from different politi-
cal parties, if practicable, who shall continue

Honorable John B. Shook, Page 4

to act until their successors are appointed.
When the bounds of the precinct are changed so
that one or more judges reside outside of the
precinct for which they were appointed, the
court shall appoint others to fill such vacan-
cy or vacancies.  One of the judges who shall,
in all cases belong to the party that at the
last general election cast the largest vote for
Governor throughout the State shall be desig-
nated as the presiding judge at elections; he
shall appoint two competent and reputable qual-
ified voters of different political parties if
practicable, to act as clerks of the election.
The order appointing all judges shall be entered
of record.  The presiding judge shall act in
receiving and depositing the votes in the ballot
boxes, and the other judge shall act in counting
the votes cast; one clerk shall keep the poll
list of qualified voters, and upon the poll list
he shall write at the time of voting the name
and number of each voter; the other clerk shall
act as canvassing clerk, and shall keep the tally
list of votes counted.  Said officers shall per-
form such other duties as the presiding judge
may direct."

"Article 2938.  In large precincts

"For every precinct in which there are one
hundred citizens or more who have paid their
poll tax or received their certificates of ex-
emption, the commissioners court shall appoint
four judges of election, who shall be chosen
when practicable from opposing political parties,
one of whom shall be designated as presiding
judge.  The presiding and one associate judge
shall act in receiving and depositing the votes
in the ballot box, and the other two judges
shall act in counting the votes cast.  The pre-
siding judge shall appoint four competent and
reputable clerks who have paid their poll tax,
and of different political parties, when practi-
cable; two of said clerks shall assist in keep-
ing poll lists and the list of qualified voters;
upon the poll lists they shall write the name
and number of each voter, and at the time voted.
Two clerks shall be canvassing clerks, who shall

Honorable John R. Shook, Page 5

keep tally lists of votes counted and perform
such other duties as the presiding judge may
direct. At the close of the canvassing and dur-
ing its progress, the tally clerks shall compare
their tally lists and certify officially to
their correctness. Provided, that in all elec-
tions held under the provisions of this title,
other than general elections, local option elec-
tions and primary elections, the officers to be
appointed by the commissioners court to hold
said elections shall be a presiding judge, and
assistant judge and two clerks, whose compensa-
tion shall be two dollars per day, and two dol-
lars extra to the presiding judge for making re-
turn of the election." (Emphasis ours)

We call attention to the underscored portion of
Article 2938, above, which prescribes the appointment of
only four election officials in special elections in place
of the eight officials required in each precinct contain-
ing 100 eligible voters or more in general elections. The
forthcoming election to determine whether a Junior College
District is to be created is unquestionably a special elec-
tion. 9 Ruling Case Law, p. 978, 20 Corpus Juris p. 56.
It will, therefore, be necessary for the commissioners'
court to designate a presiding judge and an assistant judge
for this special election. It would seem proper to select
them from among the four judges previously appointed for
general elections, or to select two qualified persons not
previously appointed. The statute is silent as to this
question. In any event, as declared at 16 Texas Jurispru-
dence 34:

"The statutes with reference to the manner
of appointing election officers are directory.
Where they have not been complied with, if it be
shown that the election was held at the time and
place provided by law, that the election was fair-
ly conducted, and that the vote as cast, counted
and returned, expressed the will of the majority
of the qualified voters voting at such place and
time, irregularities as to the manner of appoint-
ing the officers will not in the absence of ex-
press provision of statute affect the validity
of the election."

Should any of the election officials appointed by the commissioners' court fail or refuse to act, substitute officials may be appointed by the voters in the manner provided by Article 3001, R. C. S. 1925.

We want to express our appreciation for the helpful discussion of these questions contained in your letter of request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

FED NOV 4, 1941

ASSISTANT

ATTORNEY GENERAL

By _____

Walter R. Koch
Assistant

WRK:LM



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN